# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Pamela Valin, an individual; James Valin, an individual,

    Plaintiffs

v.

Nationstar Mortgage, LLC dba Mr. Cooper, a Foreign Limited-liability Company; *et al.*,

    Defendants

Case No.: 2:18-cv-01109-JAD-PAL

**Order Denying Motion to Remand, Granting in Part Motion to Dismiss, and Denying as Moot Motion to Stay Discovery**

[ECF Nos. 4, 5, 18]

Pamela and James Valin initiated this action to stop the foreclosure sale of the home that they stopped paying the mortgage on back in 2009.[1] Nationstar Mortgage, LLC, the servicer of their $513,650 mortgage, claims that the note has been assigned several times and that U.S. Bank is now the beneficiary. But the Valins contend that defects in that assignment preclude U.S. Bank—and Nationstar as its agent—from foreclosing, and they sued Nationstar and U.S. Bank in state court for quiet title, violations of Nevada's foreclosure statutes, and a handful of torts. Defendants removed, and they now move to dismiss this suit under FRCP 12(b)(6).[2] The Valins countermove for leave to amend, and they ask to remand this case back to state court.[3] Because the doctrines on which the Valins seek remand are misapplied, I deny that request. I find that their quiet-title claim is sufficiently pled, but none of the others are. So I grant the motion to

---

[1] ECF No. 1-1.
[2] ECF No. 4.
[3] ECF No. 5.

dismiss in part and with leave to amend some claims. And because this order moots the defendants' request to stay discovery, I deny that motion.

## Background

Pamela and James Valin purchased the home at 16 Via Ravello in Henderson, Nevada with a $513,650 mortgage loan from Central Pacific Mortgage Company in 2004.[4] They stopped making payments on that loan "in June of 2009 because of financial difficulties."[5] Though they made requests through the years to modify their loan, they claim they were consistently given misinformation about who the current holder of their many-times-assigned mortgage note was, and this "labyrinth of chaos" has obscured the identity of the noteholder and clouded the title.[6] So, when Nationstar Mortgage, LLC, the loan servicer, sought to foreclose on the note on behalf of U.S. Bank earlier this year, the Valins filed this lawsuit in Nevada state court and successfully applied for a temporary restraining order to stop the foreclosure sale.[7] They plead five claims: quiet title, a violation of Chapter 107 of the Nevada Revised Statutes (NRS); a violation of NRS 107.550, breach of the implied covenant of good faith and fair dealing, and intentional and negligent misrepresentation.[8] Nationstar and U.S. Bank move to dismiss all of them.[9]

---

[4] ECF No. 1-1 at 49–53.
[5] *Id*. at 4, ¶ 11.
[6] ECF No. 6 at 4.
[7] ECF No. 1-1 at 2 (complaint); ECF No. 1-1 at 21 (TRO).
[8] *Id*. at 2.
[9] ECF No. 4.

2

**Discussion**

I. **Motion to remand [ECF No. 5]**

Before I turn to the dismissal arguments, I first consider whether this case was properly removed. The Valins argue that removal was improper for two reasons: (1) the prior-exclusive-jurisdiction doctrine prevents this court from exercising jurisdiction over this *in rem* action because the state court assumed jurisdiction first, and (2) the defendants failed to authenticate the documents they rely on to establish that the amount in controversy exceeds the jurisdictional threshold.[10] They misunderstand and misapply both principles.

The doctrine of prior exclusive jurisdiction prohibits a court from "assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court."[11] It is implicated only when actions over the same res are pending in two different courts. As the Ninth Circuit made clear in *Sexton v. NDEX West, LLC*,[12] this problem does not arise when a case is removed from state court to federal court because removal results in just one case pending in a single court:

> The doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate concurrent proceeding. Where, as here, the defendant appropriately removes the case to federal court, the state court's jurisdiction over the property terminates, and the federal court's jurisdiction begins[, and] . . . the doctrine of prior exclusive jurisdiction is inapplicable.[13]

---

[10] ECF No. 5.

[11] *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989).

[12] *Sexton v. NDEX West, LLC*, 713 F.3d 533 (9th Cir. 2013).

[13] *Id.* at 537.

3

Just like in *Sexton*, because this case was removed from state court, jurisdiction *transferred* from state court to federal court. Because the state court did not retain jurisdiction over the Valins' property in a separate, concurrent proceeding, the prior-exclusive-jurisdiction doctrine is inapplicable and provides no basis for remand.

The same is true of the defendants' failure to authenticate the evidence they rely on in their removal petition to demonstrate that the amount in controversy here meets the $75,000 jurisdictional threshold. The Valins do not contend that their claims aren't worth at least $75,000.[14] Instead, they argue that this case must be remanded because the defendants "made no attempt to authenticate any of their exhibits to the Petition for Removal."[15] They rely primarily on *Orr v. Bank of America*,[16] for this argument and contend that, "[a]lthough *Orr* concerns summary judgment, the bedrock rule of authentication applies to all proceedings before this Court."[17]

But the summary-judgment evidentiary rules have no application to removal notices. The standard is far more lenient. As Justice Ginsburg explained in *Dart Cherokee Basin Operating Company, LLC v. Owens*, "a defendant's notice of removal need include only a plausible

---

[14] Had plaintiffs actually contested the amount in controversy, "both sides [would have to] submit proof and [then] the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. 554. But plaintiffs may be judicially estopped from casting aspersions on the documents attached to the petition because many of them were the very documents that the plaintiffs presented to the state court to get a temporary restraining order stopping the foreclosure sale. *See, e.g.*, ECF No. 1-1 at 21–110 (including the $513,650 note (ECF No. 1-1 at 49), which reflects a monthly payment due of $1,872.88; and plaintiff's admission in their complaint that they stopped making those payments more than nine years ago (ECF No. 1-1 at 4, ¶ 11)).

[15] ECF No. 5 at 6.

[16] *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

[17] ECF No. 5 at 6.

4

allegation that the amount in controversy exceeds the jurisdictional threshold."[18]  "By design," this standard "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure."[19]  Authenticated evidence is thus not required in a petition for removal.  So, I deny the Valins' motion to remand.

## II. Motion to dismiss [ECF No. 4]

Nationstar and U.S. Bank move to dismiss all of the Valins' claims.[20]  They offer a stack of recorded documents that they ask me to take judicial notice of, and they contend that these documents remove any cloud on title and preclude the Valins' quiet-title claim.  And they argue that the facts that the Valins allege fail to support any other claim.  The Valins oppose the motion, asserting that their complaint is sufficient and alternatively asking for leave to file an amended complaint if the court disagrees.[21]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss.  The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[22]  Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[23]  The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[24]  A claim is facially plausible when the complaint alleges facts that

---

[18] *Dart Cherokee Basin Oper. Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).
[19] *Id.*
[20] ECF No. 4.
[21] ECF No. 6.
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[23] *Id.*
[24] *Id.* at 679.

5

allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[25] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[26]

### A. Quiet title

The Valins' first cause of action is an equitable claim for quiet title.[27] They essentially seek a declaration that Nationstar and U.S. Bank "have no rights in the Note or related Deed of Trust because the promissory note was never properly assigned to Defendant U.S. Bank."[28] Defendants first argue that this claim fails because the Valins are not beneficiaries of the assignment of the note and thus cannot seek to enforce or challenge it.[29] But Nevada law allows quiet-title claims for a broad array of property interests. The Valins' claim is the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[30] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[31]

---

[25] *Id.*

[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[27] ECF No. 1-1 at 6.

[28] *Id.* ¶ 31.

[29] ECF No. 4 at 5–6.

[30] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–11 (Nev. 2016).

[31] *Id.* at 1112.

Defendants next contend that this claim fails because "the Valins' complaint provides zero factual basis to support their allegation U.S. Bank was not properly assigned the deed of trust," and that the recorded documents that they attach to their motion to dismiss prove a proper assignment, precluding this claim.[32] Even if I were to take judicial notice of these documents as defendants request, this chain of assignments is not so easy to untangle—and it does not paint a picture as clear—as defendants suggest. Regardless, the path of the note remains unestablished. I find that the Valins have sufficiently pled an equitable claim to quiet title against claimed noteholder U.S. Bank and its servicing agent Nationstar, so I deny the motion to dismiss this claim.

### B. NRS 107 claims

The Valins' claims for violations of NRS 107, however, do not share the same success. Their third cause of action alleges that the defendants "violated NRS 107.550 by failing to rescind the January 1, 2017, notice of default after the foreclosure sale was not completed within 90 days after recording the June 1, 2017, notice of sale."[33] But NRS 107.550 does not provide a private right of action. It gives a homeowner a tool to dismiss a judicial-foreclosure action that was filed under NRS 40.430 against that homeowner when certain events occur.[34] The statute simply does not give the Valins a basis to state an independent claim for relief in a lawsuit they initiated. So I dismiss this claim with prejudice because amendment would be futile.

The Valins' second cause of action, which more broadly alleges a violation of NRS Chapter 107 generally,[35] has greater potential. NRS 107.560 does provide a limited private right

---

[32] ECF No. 4 at 6.
[33] ECF No. 1-1 at 7, ¶ 42.
[34] Nev. Rev. Stat. § 107.550; *see also id.* § 40.430.
[35] ECF No. 1-1 at 5.

of action. Its first subsection allows "a borrower [to] bring an action for injunctive relief to enjoin a material violation" of certain foreclosure statutes.[36] Its second subsection permits a borrower to bring a civil action for "actual economic damages resulting from a material violation" of those statutes "[a]fter a trustee's deed upon sale has been recorded or after a sheriff has recorded the certificate of the sale of the property."[37] As currently alleged, this claim lacks any factual basis. It does not identify what "material violation" of the foreclosure statutes has occurred and needs to be enjoined under subsection one; nor do the facts indicate that a sale has occurred such that damages are now awardable under subsection two. So this claim must be dismissed under FRCP 12(b)(6) for failure to state a claim. But because I cannot conclude at this time that the Valins cannot plead a plausible NRS 17.560 claim, I dismiss this claim with leave to amend if they can allege true facts to state the type of claim contemplated by this statute.

        The Valins have made some changes to this second cause of action in their proposed amended complaint. But those changes still fail to state a claim. They do not identify which specific provision in NRS Chapter 107 was violated. And though the claim states that it is asserted "Against all Defendants," it contains allegations against Nationstar only.[38] It also fails to state what remedy the Valins are seeking for the alleged violations. So, although I grant leave to amend, the Valins will need to offer more information than they have in their proposed amended complaint for this claim to survive a second motion to dismiss.

---

[36] Nev. Rev. Stat. § 107.560(1).
[37] *Id.* § 107.560(2).
[38] *See* ECF No. 6-1 at 7.

### C. Breach of the implied covenant of good faith and fair dealing

The Valins' fourth claim for relief alleges that Nationstar and U.S. Bank violated an implied covenant of good faith and fair dealing. Nevada law recognizes an implied covenant of good faith and fair dealing in every contract.[39] To state a claim for breach of that implied covenant, a plaintiff must plead facts that show (1) the existence of a contract between the parties, (2) that the defendant breached its duty of good faith and fair dealing by acting in a manner unfaithful to the purpose of the contract, and (3) that the plaintiff's justified expectations under the contract were thereby denied.[40]

The Valins' bad-faith claim is devoid of facts necessary to establish any of these elements. They have failed to identify a contract between them and either U.S. Bank or Nationstar. The only conduct they identify for Nationstar is that it began servicing their loan in 2014, repeatedly denied their loan modification requests "citing a variety of contradictory reasons," and then began foreclosure proceedings against the Valins.[41] But these allegations are too conclusory to give rise to the inference that Nationstar acted in a manner unfaithful to a contract between these parties. The Valins allege no action at all by U.S. Bank. And though they suggest that the loan-modification negotiation process left them dissatisfied, the Valins offer no facts to show what their justified expectations for that process were. Because they have failed to plead facts to support any element of a breach of the implied covenant of good faith and fair dealing claim under Nevada law, I dismiss this claim with leave to amend.

---

[39] *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007).

[40] *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (*citing Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922–23 (Nev. 1991)).

[41] ECF No. 1-1 at 5.

The Valins have made some changes to this fourth cause of action in their proposed amended complaint. But even with those changes, they have not pled a plausible bad-faith claim. They still do not identify what contract exists between the parties, what expectations that contractual arrangement reasonably gave them, and how each defendant acted in bad faith and in contravention of those expectations.[42] So, although I grant leave to amend this claim because I am not yet persuaded that amendment would be futile, the Valins will need to offer more.

### D. *Misrepresentation*

The Valins' final cause of action contains two claims: intentional and negligent misrepresentation against Nationstar and U.S. Bank.[43] To state a claim for intentional misrepresentation or fraud in Nevada, a plaintiff must plead (1) a false representation by the defendant; (2) the defendant's knowledge or belief that the representation is false or an insufficient basis for making that representation; (3) intent to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; and (4) justifiable reliance.[44] Nevada imposes liability for negligent misrepresentation when (1) "[o]ne who, in the course of his business, profession[,] or employment, or in any other transaction in which he has a pecuniary interest, supplie[d] false information for the guidance of others in their business transactions"; (2) the person communicating the information failed "to exercise reasonable care or competence in obtaining or communicating" it; and (3) that information was justifiably relied upon.[45] "Both

---

[42] *See* ECF No. 6-1 at 5, 7–8.

[43] ECF No. 1-1 at 8.

[44] *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).

[45] *Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013), as corrected (Aug. 14, 2013).

10

causes of action [also] require a showing that damages resulted from the tortious misrepresentations."[46]

Whether I evaluate the Valins' misrepresentation claims under FRCP 12(b)(6)'s *Iqbal/Twombly* plausibility standard or the higher FRCP 9(b) standard for claims grounded in fraud,[47] they are insufficient. The only discernable misrepresentations connected to Nationstar and U.S. Bank are in paragraphs 23–25 and 55: (1) that Nationstar, like its predecessors, "repeatedly denied Plaintiffs' loan modification applications citing a variety of contradictory reasons"; (2) that Nationstar informed them in October 2014 that U.S. Bank "was the beneficiary of the mortgage," despite having previously said that the beneficiary was Goldman Sachs or Bank of New York; (3) that proof of "the proper assignments of the promissory note and deed of trust have not been produced or recorded"; and (4) that "Defendants' representations regarding" the Valins' ability to qualify for a loan modification were false.[48] The proposed amended complaint adds only that "Defendants continue to represent entitlement to the remedies afforded by the Note and Deed of trust despite the fact, upon information and belief, they know the endorsements and assignment were not properly and timely made."[49] Missing from both versions of the complaint is what false statement was made by either Nationstar or U.S. Bank, how the Valins justifiably relied on Nationstar's and U.S. Bank's false statements, and how the Valins were damaged by that reliance. So I grant the motion to dismiss this fifth claim for relief

---

[46] *Foster v. Dingwall*, 227 P.3d 1042, 1052 (Nev. 2010).

[47] *See, e.g.*, *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1104 (9th Cir. 2003) (outlining how to evaluate the sufficiency of claims grounded in fraud or which sound in fraud).

[48] *See* ECF No. 1-1.

[49] ECF No. 6-1 at 8, ¶ 62.

11

with leave to amend if the Valins can state the true who, what, where, when, and how facts necessary to plead this claim.

### III. Motion to Stay Discovery [ECF No. 18]

Finally, the defendants ask to stay discovery until the court has resolved their motions to dismiss and for remand.[50] Because this order does just that, the reason for the stay has evaporated, and I deny as moot the motion to stay discovery.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

- Plaintiffs' Motion to Remand to State Court **[ECF No. 5] is DENIED**;
- Defendants' Motion to Dismiss **[ECF No. 4] is GRANTED in part and DENIED in part**. It is denied as to the first cause of action for quiet title; granted with prejudice as to the third cause of action for an NRS 107.550 violation; and granted without prejudice and with leave to amend as to the second cause of action under NRS 107.560, the fourth cause of action for breach of the implied covenant of good faith and fair dealing, and the fifth cause of action for misrepresentation. **Plaintiffs have until November 15, 2018, to file an amended complaint if they can cure the defects identified in this order.** If they do not file an amended complaint by this deadline, this case will proceed on the quiet-title claim only;
- Defendants' Motion to Stay Discovery **[ECF No. 18] is DENIED** as moot.

Dated: November 5, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[50] ECF No. 18.